# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.B.**

**No. 13-0390** (Barbour County 12-JA-19)

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father, by counsel Megan M. Allender, appeals the Circuit Court of Barbour County's termination of his parental rights to J.B. by order entered March 21, 2013. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response arguing that termination of petitioner's parental rights was proper. The guardian ad litem, Karen Hill Johnson, filed a response and supplemental appendix on behalf of the child also supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights without affording him notice of a dispositional hearing or an opportunity to be heard at the same.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2012, the circuit court held a dispositional hearing in regard to petitioner's older child, A.S. Petitioner and the mother had been involved in abuse and neglect proceedings in regard to this child since March of 2011 as a result of domestic violence and drug abuse issues in the home. During the pendency of the abuse and neglect proceedings involving the older child, petitioner was arrested on criminal charges and incarcerated. However, he was released and was participating in the Barbour County Community Corrections Program. A capias was later issued for petitioner due to his failure to participate in this program, and petitioner's whereabouts were unknown from June 1, 2012, until he was apprehended on August 22, 2012. While the proceedings regarding A.S. were still pending, Respondent Mother gave birth to J.B. on August 5, 2012. On August 9, 2012, the circuit court entered its order terminating petitioner's parental rights to A.S. Petitioner appealed the termination of his parental rights to this Court, which affirmed the same. *In re:* A.S., No. 12-1029 (W.Va. Supreme Court, January 14, 2013)(memorandum decision).

Also on August 9, 2012, the guardian ad litem for A.S. filed a "Motion Regarding Minor Child's Newborn Sibling" asking the circuit court to amend the prior abuse and neglect proceedings to also include J.B. because of the prior involuntary termination of parental rights to

1

the sibling, A.S. The circuit court granted the guardian's motion, specifically finding that the "case involving [A.S.] is still pending in that the Disposition Order terminating the parental rights of the Respondent Parents to [A.S.] was just signed this 9th Day of August, 2012." On August 21, 2012, the circuit court held a preliminary hearing in regard to J.B. While petitioner did not appear, he was represented by counsel. In September of 2012, after petitioner had been apprehended and incarcerated, the circuit court held a review hearing, which petitioner did not attend.

By order entered November 19, 2012, the circuit court memorialized its findings from the September review hearing, including the adjudication of petitioner as an abusing parent as to J.B. The circuit court also ruled that petitioner could not show a change in the circumstances of abuse and neglect that led to the prior involuntary termination of parental rights because of his continued abuse of drugs and alcohol and his continued abuse of A.S. and J.B., including his appearance at the hospital during J.B.'s birth while under the influence of drugs. Following paternity testing to determine that petitioner was J.B.'s biological father, the circuit court entered an order terminating his parental rights to J.B. on March 21, 2013. It is from this order that petitioner appeals.

> "'Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.' Syllabus Point 1, *In the Interest of: Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996)."

Syl. Pt. 1, *In re Faith C.*, 226 W.Va. 188, 699 S.E.2d 730 (2010). Upon our review, the Court finds no error in the termination of petitioner's parental rights to J.B. While petitioner argues that his due process rights were violated because he was not provided notice of a dispositional hearing or a right to be heard as statutorily required, the Court finds no error. Petitioner admits that several hearings were held after the petition was amended to include J.B., and the record indicates that petitioner was actively evading law enforcement during this period. As noted above, petitioner absconded from a Community Corrections Program on June 1, 2012, and his whereabouts were unknown until August 22, 2012, at which point he was placed in the regional jail. According to the parties, petitioner remained incarcerated during the pendency of the proceedings, though his attorney was provided notice of the hearings and attended the same. As such, we find no violation of petitioner's due process rights.

2

As to termination of petitioner's parental rights, the circuit court based termination, in part, upon the prior involuntary termination of petitioner's parental rights to an older child. We have previously held that

> [w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court . . . . Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49–6–5b(a) (1998) is present.

Syl. Pt. 2, in part, *In re George Glen B., Jr.*, 205 W.Va. 435, 518 S.E.2d 863 (1999). In the present matter, the circuit court specifically found that petitioner not only abused J.B. with his behavior, but also continued to abuse his older child, A.S., by coming into contact with the child at the hospital when J.B. was born. In fact, the circuit court found that "petitioner continued to endanger [A.S.] even after his rights were terminated when he was on the run," noting that he continued to disobey the circuit court's order and abuse drugs and alcohol. As such, the circuit court found that petitioner "has not and [cannot] make any showing that he has changed any of the neglect or abuse that gave rise to termination of his parental rights to the minor child, [A.S.]" Based upon the reduced minimum evidentiary threshold noted above, the circuit court did not err in terminating petitioner's parental rights upon this finding.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 21, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2013

**CONCURRED IN BY**:

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis

3